Case No. 152078, Maria S. Diaz-Baez et al. v. Julio Alicea-Vasallo et al. Mr. Valenzuela, good morning. Good morning. Good morning to all the members of the court. This is attorney Jose Enrico Valenzuela Varado representing 20 supplements in this case. May I please the court? Well, we are here because we are right now in a procedural limbo. This case is from 2010 when the complaint was filed. And thereafter, the district court asked to the parties to conduct discovery and that's precisely what we did. And we also filed so many judgments in both parties after the conclusion of discovery of approximately 40 depositions that were conducted. Before that, on April 7, 2014, the USDC denied a petition of Pullman abstention. That's why we are here right now. And understood at that time that the case should not be stayed pursuant to the case that was pending at the Puerto Rico Supreme Court. That argument was brought by a police defendant in this case. And the court disregarded at that time that specific argument. Then the deposition was sued. Everything was done correctly as scheduled. And right after the date of the scheduling of the trial, then the court asked to the parties to justify whether or not this case should be stayed. And that's what we did. And finally the court understood that this case should be stayed because another case was pending at that time at the Puerto Rico Supreme Court. What was the duration of the stay supposed to be? Well, the Puerto Rico Supreme Court... No, excuse me, it's the district court issue. District court, they concluded that pursuant to the appeal or search warrant that was filed at the Puerto Rico Supreme Court that has to do with the competition of the dates of... Wasn't the stay to be to provide time for the Puerto Rican Supreme Court to decide a particular case that was before it? That's the court determination, but we disagree because... But that is what the stay is, is it not? Correct. But the case... I'm confused then because if the stay was to wait in the district court until the Puerto Rican Supreme Court had decided a case and the Puerto Rican Supreme Court has now, prior to today, I guess just this past week, decided that case, what's the issue now? The issue now is that what the Puerto Rico Supreme Court decided has nothing to do with the federal case that we're dealing with here. That might just mean you were right all along, but it wouldn't matter because the stay should expire. But as the case comes to us, there's no reason to assume that the stay would continue. You should just be able to move to the district court that, okay, you waited, and it moves to your appeal. I mean, you can't win faster from us bringing a decision in your favor than you could by having the district court simply remove the stay. You are correct, Your Honor. So why don't we just decide it that way? I mean, if the district court had some reason to now conclude that everyone has apprehended that stay, there might still be a live appeal. But absent that, I don't really see how there is. Have you discussed opposing counsel? Because if... Is there any disagreement? May I first answer this and then I can... Well, he says questions. Okay, then what's your question then? Is there any disagreement among the parties as to whether or not the case should now be put back on the active track in the district court? We, first to answer your question, if we proceed in that way, I agree with you as to that. But they're going to ask for collateral stop help. And we're still in Canada saying that the Puerto Rico Supreme Court decision dealt with the issues that were already discussed in the United States district court. But a ruling about whether Pullman abstention was right or wrong can't help you on that, can it? But it's not good, because right now, if we compare, since the beginning, the case that was pending before the Puerto Rico Supreme Court is completely different to the U.S. D.C. case. If you had an issue on a collateral stop rule, you could appeal that. And we're going to be here again. And these cases from 2006... It's just like the last case. I mean, we usually do cases when they're real cases. You're right. We're here to pursue our legal. If we are dealing here, we have a debating before a court, before a jury, why are we going to go back to the United States district court for them to argue that this case... Okay, but how can we solve that problem for you? How could you get a ruling from us that would solve the problem you're now in? Just to defecate, the issues here state that the Puerto Rico Supreme Court decision has nothing to do with the case pending at the United States district court. And also, we have the right to our respect... If I understand it, you don't really want a ruling on Pullman abstention. You want a declaration about the irrelevancy of the Puerto Rico Supreme Court's decision. Not necessarily. But that's not the relief you requested. Not necessarily, Your Honor. Well, that's what you're saying now. No, but if I over-consideration of the Puerto Rico Supreme Court dealing with this case right now, we're going to be stealing the point in this procedural removal. What you're saying is not even consistent with what I said. You have appealed a Pullman abstention ruling which stayed your case. The relief for that can be the removal of the stay, full stop. The relief you want is a ruling about whether the Puerto Rico Supreme Court's decision is relevant to the issues in the case. That's a different request for relief. Your Honor, if my clients decide to file a reconsideration before the Puerto Rico Supreme Court, what is going to happen with the state? We're going to be here in the state waiting for the Puerto Rico Supreme Court because the basis of the original decision from the Puerto Rico district, from the United States Supreme Court, is that both cases are all one. And that's not correct. Could you go back now and try a shot at my question? You want the district court action to move forward in Puerto Rico. You think the court should not have stayed it. And you want us to throw out the stay. In light of the fact that the stay was for the period of time for the SJC to issue a decision, and it has now issued a decision, have you spoken with the counsel on the other side to see if perhaps they agree with you that the stay should be dissolved and matters should go forward in the district court. And the district court will then hear your arguments about what or what not the ramifications are of the decision. Your Honor, if I file a reconsideration before the Puerto Rico Supreme Court, I really don't believe that they will consent for us to move forward the United States district court and to leave the state. Because if I were them, I would not agree as to that. Will you be unhappy if you're wrong? I'm here to argue. I don't want to be happy or not. I just want to leave the state and see the case. Did you ask them? I can ask them right now and see whether or not they want to go forward with the case. We're really kind of puzzled as to if a stay was supposed to be in effect until a certain decision came down, and you thought the stay shouldn't have been issued at all, but now the decision has came down. That's sort of what we usually call a moot issue. It's over and done with. And we can discuss that if you allow us in a 28-day letter arguments specifically as to the mootness requirements. But at once, virtually, because I don't have too much time here, do you know how much time the Puerto Rico Supreme Court takes to decide an issue? Well, I do. With all due respect of the court that I am admitted to. Let me see if I can help. Are you saying that you're anticipating filing a motion for reconsideration because you don't like the Puerto Rico Supreme Court decision and think it was wrong, and are therefore fearful that if you file that, the other side is going to say, well, the stay is still in effect because now we've got to wait for that? Is that what's going on? We are talking now the same language. Okay. Well, we'll find out shortly if that's the case or not. Did the district court say anything about that below as to how long the stay would last? Excuse me, the Puerto Rico Supreme Court? Yes. That's why we're here precisely, because we cannot stay in this. So if I get it right, you have a right to seek reconsideration from the Puerto Rico Supreme Court, and you don't think that right should be burdened by the continuing stay. But as long as you seek reconsideration, you have no reason to believe that the stay would be lifted. Correct. Okay. But there should be some way to clear that up before we proceed to rule on the merits of the Pullman abstention. Because if you're wrong about that, if you're able to seek reconsideration and the stay was lifted, you're just saying that's not going to happen. I cannot predict the future. I just want to move on and see the case. That's our request. And everything is on our brief. I don't know if I answered your question, but we... No one can predict the future. If we ask... We have to find out what will happen. If we file a reconsideration, the grounds for the stay issued by the... I just included it in the report, I see. ...are specifically tailored to say no matter what happens, no matter what the Puerto Rico Supreme Court decides, then we're not going to see this case from 2010 when we are in 2017. Thank you. Thank you. Mr. Sanchez, good morning. Good morning, Your Honor. Adrian Sanchez, in representation to the APALE, which is the Administration for Proposition of Automobile Accidents. Your Honor, I'd like to answer your question. We did call opposing counsel when the decision came down. And it wasn't me. It was brother counsel. And he spoke with one of four attorneys. And the impression that he got when he ended that conversation was that they were going to withdraw the appeal. We waited a few days. I didn't see anything on record. And I personally called another of the attorneys. And he told me that they had discussed the night before I called them, the issue, and that they had decided to proceed with the case. Then I took it upon... When you say proceed with the case, which case are you talking about? Oh, this, the appeal. I'm sorry. When I was answering, your question was about whether we had spoken amongst each other. I think the question on the table right now, if I'm understanding your brother's concern, he fears that the issuance of the stay by the district court and its propriety are not yet necessarily moved, even though the Puerto Rican Supreme Court has issued a decision, because he fears that he might file a motion for reconsideration. And if he does, you will then argue that the stay should remain in effect until the motion for reconsideration is decided, hence things aren't necessarily moved. That then poses the question, is it moved or not? We believe it is, and I came prepared to argue that it is moved. So does that mean you're not going to take the position in the district court that the stay should continue while a petition for reconsideration is being under advisement? No, because if they do, which they will cost a delay by doing that, if they do, it will only take a couple of weeks. It won't take long. Motions for reconsideration are disposed of very quickly. Plus, it was a unanimous decision. Just so I'm understanding, does that mean your position is that it's moved as of today, regardless of whether they seek reconsideration, or is it moved after reconsideration is denied if they file it? Well, my technical position is that after it's final and firm, well, it might take a couple of weeks. After it's final and firm, then it's actually moved, but that won't take many weeks. Plus, they have not filed the motion yet, and I think the time is about to expire, but it won't take the Supreme Court. Okay, but if I'm understanding what you're saying, you seem to be saying it's not moved until the time has run on a motion for reconsideration and they haven't filed it, or the filing has been made and it's denied. The filing has not been made. If the filing isn't made, you're only saying it's moved once that is denied. No, I don't care what position you take. I just want to understand. No, I understand, but I think legally speaking, it's really when the procedure is over that then the decision is finally ruled upon. You're saying it will either be moved in a day or two if no motion is filed. Correct. Or it will almost probably, but not 100% certainly, but almost probably be moved within a couple of weeks. That, yes, that's correct. That's correct. Yes, with regards to that. But how are we supposed to, let's say there is a filing. Just understand the mootness issue. See, a Pullman abstention, their complaint is Pullman abstention is inappropriate. There is a filing for reconsideration. There is no time limit by which the Supreme Court must rule on that. No. But we'll have no way, I mean every day that passes it could be the next day. And if it's not the next day, then it could be the next day. And every one of those days is a day when there's Pullman abstention. They're not getting a ruling on whether there should have been no abstention. How are we supposed to deal with that? We would agree, and when we discuss, we would agree to continue with the case. We don't have a problem with continuing with the case after that decision, that ruling that has come down. We really don't foresee any change. And if there's any change, it is something that can be argued at this report. Let me make sure I'm understanding. I think you're making the very practical point, which is that assuming you're correct, that these motions for reconsideration are decided promptly and are virtually never granted, then it would follow that why not go back and get on the district court's docket now, because by the time you're in the district court, everybody's going to be ready to move forward. That is correct. You see, I see, although technically speaking, they have a right to request reconsideration, and the Supreme Court may reconsider. But reality is, I don't think much is going to happen, and it's really done, and we're ready to go back to the district court. So, I mean, when we had conversations, we had no problems with this appeal being withdrawn and then us going back to the district court. I think the issue that was holding the district court, which was the ruling, it's already done. Even though there's this little procedure that can still happen, but it's not going to change much, and from my experience, it's not going to take long. So that's really our position. I didn't argue on the other aspects, but I really think it's moved. And by the time this court actually renders an opinion, if you've heard that, the case, we're going to be already in the district court. Yeah, that's a good point, because I think from everything I've heard here, I'm going to suggest to my colleagues, and I would like your views, that we wait any action on our part until we hear from you as to what's going to happen as to motions for reconsideration or otherwise. Does that sound like a good plan to you? It sounds like an excellent plan to me, and it depends on them. I'm not filing a motion for reconsideration. We're not. ACCA is not. So it's really up to them. Whether we go back immediately to the district court, or we hang out a little longer, a couple of weeks more, when they file their motion for reconsideration. All right. Well, we'll hear from you now, but I'll say something at the end. Yeah. Good morning, Your Honor. May I please the court? I would just like to add briefly that I totally agree with what Brother Counsel has stated. I understand the concern of the plaintiffs, because contrary to their assertions to the Sonoma Court, I understand that the decision recently entered by the Supreme Court has a direct impact upon the determination that the district court will make on the constitutional issue for two reasons. Number one, it has been our contention since the filing of the motions for summary judgment that the final policymaker was not the person sued in this lawsuit, who is my client. The final policymaker in this case is the board of directors of the ACCA. Are you arguing the merits? No, no, no. I just want to, because Brother Counsel said that the decision entered by the Supreme Court, will not have any impact upon the constitutional determination that the district court has to make. And I just would like to bring to the Sonoma Court attention that that is not correct. And that's the only thing I would like to add. And obviously, this court cannot enter an advisory opinion as to whether or not that decision would have an impact upon the determination that the district court has to make. This Sonoma Court, as I understand the procedure, has to wait until the district court decides whether or not that decision would have an impact upon the constitutional issue before it can be brought back to the attention of this Sonoma Court. So procedurally speaking, what Plaintiff's Counsel is asking the Sonoma Court is to, a priori, determine that that decision would not have any impact upon the decision that the district court has to make. And procedurally speaking, I understand that's totally incorrect. And with regards to the mootness argument, I totally subscribe my colleague's position. On behalf of my client, Julio Alicia Vasallo. Thank you. You're welcome. I think you have some time, don't you? Did he reserve time? No? All right. Well then, I would first urge both sides to get together to see if you can agree as to how we can proceed. And inform us if you reach an agreement. And if you can't reach an agreement, then I would like you to inform us whether you are going to file a motion for reconsideration. When would that be? If you decide. What time period? Well, you have ten days to file a letter with us telling us whether you have proceeded or not. And we will hold the case in abeyance until after we hear from you. All right, thank you. Thank you.